■ In the Matter of ADEWUMI C., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Torres, J.) dated November 17, 1989, which, upon a fact-finding order of the same court, dated September 25, 1989, made upon his admission, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the fourth degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title II, for a period of 18 months. The appeal brings up for review the fact-finding order dated September 25, 1989, and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On June 21, 1989, the appellant, age 14, flew from Nigeria, a country believed by United States Customs officials to be a source of illegal narcotics, to John F. Kennedy International Airport, the functional equivalent of a border (see, People v Luna, 73 NY2d 173). His unusual T-shirt caught the eye of a customs inspector, who examined his traveling documents and learned that his round trip ticket was recently purchased with

cash at a Nigeria travel agency already known to have been the site of the sale of tickets to smugglers. She also learned that his passport was recently issued, and that the appellant, who was traveling alone, listed Atlanta, Georgia, as his ultimate destination. Upon questioning of the appellant, who became nervous, began to perspire, started to shake, and would not look the inspector in the eye, the inspector learned that the appellant had no ticket to Georgia and only $10 in cash. Moreover, the appellant had no checked luggage and the one piece of hand-held luggage he carried contained only one change of clothing. The appellant was detained and ultimately removed to a hospital where, six hours after entry into the country, he had a bowel movement which initially produced 43 heroin-filled balloons and, later, 36 more.

We conclude that, under the circumstances extant here, the customs inspector reasonably suspected that the appellant was smuggling contraband in his alimentary canal (see, *United States v Montoya de Hernandez,* 473 US 531; see also, *United States v Asbury,* 586 F2d 973, 976-977). His contention that his detention for six hours was violative of the Fourth Amendment is thus without merit (see, *United States v Montoya de Hernandez, supra; see also, People v Waring,* 174 AD2d 16; *cf., People v Hollman,* 79 NY2d 181) and the Family Court properly declined his motion to suppress physical evidence.

We have considered the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Harwood and Pizzuto, JJ., concur.